**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                              (206) 370-8810

November 18, 2020

Ryan J. Hesselgesser                            Keith D. Petrak
Forsberg & Umlauf, P.S.                         Byrnes Keller Cromwell, LLP
901 Fifth Ave., Suite 1400                      1000 Second Ave., 38th Floor
Seattle, WA 98164                               Seattle, WA 98104

**Delivered Via CM/ECF**

    RE:    *Hanover Ins. Co. v. Talyst Sys., LLC*, C20-0641RSL
            Stipulated Motion for Protective Order

Dear Counsel:

On November 17, 2020, the Court received your proposed "Stipulated Motion for Protective Order." Dkt. # 26.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient because it is too broad and gives too much discretion to the parties to designate information as "confidential." The order mentions exceptionally broad categories of documents, such as materials designated as confidential in the underlying litigation or "drawings." These materials may or may not

have been kept in confidence and may or may not provide a commercial advantage to defendant's competitors if disclosed. The parties' description of "confidential" documents imposes virtually no limit on what corporate documents could be shielded from public view.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

*[signature]*

Robert S. Lasnik
United States District Judge